FILED

OCT 26 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :      CRIMINAL NO. ~~07-244 (HHK)~~

                      :      CR 07-249 (HHK)

           v.                :

ISRAEL FROST                     :

_____ :

### PROFFER OF EVIDENCE

If this case were to go to trial, the government's evidence would establish beyond a reasonable doubt that:

On April 18, 2007, a special employee (SE) of the Metropolitan Police Department advised detectives from the Narcotics and Special Investigations Division (NSID) that it could purchase a quantity of PCP from the Defendant. Later that day, at approximately 5:45 p.m., the SE met with two NSID detectives and was fully searched for contraband. The SE was then equipped with audio and video recording equipment, and it then drove (under surveillance) to the 600 block of Indiana Avenue, N.W., where the SE was to meet with the Defendant. Upon arrival, the SE stopped its car. The Defendant got into the front passenger seat and exchanged 2 vials of PCP for $500 in prerecorded MPD funds. The Defendant then exited the car and returned to D.C. Pretrial Services to attend a drug class pursuant to his supervision in D.C. Superior Court case number 2006-CF2-19087.

The SE exited the block and turned the vials that had been purchased over to the NSID detectives. These vials were later analyzed by the Drug Enforcement Administration (DEA) and found to contain 22.0 grams of a mixture or substance containing Phencyclidine (DEA Lab. No. LF-924).

On April 26, 2007, the SE again made contact with the Defendant and arranged a drug transaction. At approximately 4:00 pm that day, the SE met with NSID detectives, was searched for contraband, and was outfitted with audio and video recording equipment. The SE, who again was under constant surveillance, drove to Taft Junior High School, located at 1700 Perry Street, N.E., and met with the Defendant, who was playing basketball, at roughly 6:30 p.m. When the SE arrived, the Defendant walked over to the SE's car and exchanged two vials of PCP for $500 in prerecorded MPD funds. The Defendant then returned to the gymnasium.

After leaving the area, the SE turned the two vials it had purchased over to an NSID detective. The vials were later submitted to the DEA and were found to contain 24.0 grams of a mixture or substance containing Phencyclidine (DEA Lab No. LG-165).

Finally, on May 9, 2007, the SE arranged a third transaction with the Defendant. At approximately 6:30 pm, the SE met with NSID detectives, was searched for contraband, and was outfitted with audio and video recording devices. The SE, who again was under constant surveillance, drove into the 600 block of Indiana Avenue, N.W., where he encountered the Defendant. The Defendant entered the SE's car and the two engaged in a transaction of PCP in exchange for $750 in prerecorded MPD funds.

After leaving the area, MPD officers recovered the three vials that the Defendant had sold to the SE. The vials were later submitted to the DEA and were found to contain 34.9 grams of a mixture or substance containing Phencyclidine (DEA Lab No. LG-537).

This proffer of evidence is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea.

Respectfully submitted,

JEFFREY A. TAYLOR, Bar No. 498610
United States Attorney

JOCELYN S. BALLANTINE, CA Bar Num. 208267
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W., Room 4237
Washington, DC 20530
(202) 514-7533

-3-

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts as to my possession with the intent to distribute PCP in violation of 21 U.S.C. 841(b)(1)(C). I have discussed this proffer fully with my attorney, Mary Petras, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: _10 - 26 - 07_                    _Israel C. Frost_
                                        ISRAEL FROST
                                        Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence. I have reviewed the entire proffer with my client, Israel Frost, and have discussed it with him fully.

Date: _10 - 26 - 07_

                                        Mary Petras, Esq.
                                        Counsel for Defendant