**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 07-CR-249 (HHK) |
| ISRAEL FROST | : | |

**OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT
AND MEMORANDUM IN AID OF SENTENCING**

On October 26, 2007, Mr. Israel Frost entered a plea of guilty before this Honorable

Court to one count of unlawful distribution of phencyclidine, in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(C).  He will appear before the Court for sentencing on February 12, 2008.

Through undersigned counsel, Mr. Frost respectfully submits the following objections to the

Presentence Investigation Report and additional information for the Court's consideration in

determining an appropriate sentence.

**Factual Background**

Mr. Frost is a 41-year-old man who, prior to his arrest in this case, worked for 20 years as

a sanitation worker with the Department of Public Works ("DPW").  During the 20 years he

worked for DPW, Mr. Frost faithfully supported his family and acted as a good role model for his

children.  Tragically, he also supported and hid a raging addiction.

Mr.Frost's addiction began more than 20 years ago, when he was 17 years old.  When he

was still in high school, he made a choice to use drugs and that choice will haunt him for the rest

of his life because he quickly became addicted.  When he was 20 years old, he was convicted of

distribution of marijuana and possession of PCP and was placed on a period of probation. He

complied with the conditions of the probation, and his conviction subsequently was set aside

under the Youth Rehabilitation Act.

During this probationary period he was able to control his addiction, and he obtained a

job with DPW.  He was able to maintain that job for 20 years, but was unable to maintain his

sobriety.  With the exception of a few short periods of time, he continued to use drugs.  In 1990,

when he was 23 years old, he was convicted of carrying a dangerous weapon (pellet gun) and

attempted possession of cocaine, and he served 60 days in jail.  Despite his addiction, over the

next 16 years he worked and was not convicted of any criminal offense.

Until his arrest, Mr. Frost lived with Ms. Nikka Thomas, their five-year-old son, and Ms.

Thomas's 13-year-old son.  Mr. Frost also has three other children whom he supports: an 18-

year-old daughter, who will graduate from high school with honors in June; a 14-year-old

daughter; and a 13 year-old-son.  As Mr. Thomas stated to the probation officer, Mr. Frost is

close to his children and a dedicated family man.

By 2006, however, Mr. Frost could no longer support his family and his addiction on his

DPW salary.  In August 2006, he was arrested for possession with intent to distribute PCP and,

as a result, was convicted of possession of PCP in D.C. Superior Court, on September 28, 2007.

He was placed on a period of probation, but was then charged in this case with the offenses that

occurred earlier that year (the distributions charged in this case occurred in April and May of

2007).  He was arrested and has been held without bond since October 2, 2007.

As a result of his arrest, Mr. Frost was forced to resign from his job at DPW.  He has

never before been incarcerated for a substantial period.  The biggest impact that this case has had

on him, however, is the realization that his actions and his addiction affect not only him, but his

family too.  Although he was hiding a severe addiction, he took particular pride in his 20-year

history with DPW and what that history demonstrated to his 13-year-old son and stepson about

the importance of working and supporting your family.  He is now very much ashamed of what

his behavior demonstrated to all of his children.  He is anxious for an opportunity to re-gain his

job and teach his children about overcoming mistakes and addiction.

## Argument

I.  OBJECTION TO PRESENTENCE INVESTIGATION REPORT.

The Presentence Investigation Report incorrectly calculates Mr. Frost's base offense

level.  The report finds that the base offense level is a level 25 under U.S.S.G. §§ 2D1.2(a)(2).

That section, however, is not applicable because Mr. Frost neither pled guilty to nor stipulated to

a violation of 18 U.S.C. § 860 (unlawful distribution of phencyclidine within 1000 feet of a

school).  Section 2D1.2(a)(2) applies "only in the case in which the defendant is convicted of a

statutory violation of drug trafficking in a protected location . . . or in a case in which the

defendant stipulated to such a statutory violation."  U.S.S.G. § 2D1.2(a)(2), Application Note 1.

See also Watterson v. United States, 219 F.3d 232, 239 (3d Cir. 2000).

The Probation Office argues that:

> Mr. Frost signed the plea agreement in this case, which states that
> the defendant "agrees that the attached 'Statement of Offenses'
> fairly and accurately describes" his actions and involvement in the
> offense.  The Statement of the Offenses clearly indicates that the
> defendant distributed PCP at Taft Junior High School, a protected
> location, on April 26, 2007.

PSR at 17.  This argument is not supported by the facts.

In the "Proffer of Evidence" (there was no "Statement of Offense"), Mr. Frost merely agreed that if the case had gone to trial, the government's evidence would have established the proffered facts, and the proffer makes no reference to a violation of § 860. Mr. Frost never stipulated or agreed that his conduct constituted such a violation. In fact, the proffer excludes several elements of such a violation: it does not state that Taft Junior High School is a protected location or that the transaction occurred within 1,000 feet of that location. See, e.g., Watterson, 219 F.3d at 239 (agreeing to location of offense not sufficient for stipulation to § 860 offense).

For these reasons, the applicable base offense level is level 24. U.S.S.G. § 2D1.1(c)(8). The applicable recommended sentencing range is 37 to 46 months.

## II.  SENTENCING FACTORS.

When imposing a sentence, the Court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable provision of the United States Sentencing Guideline, the need to avoid unwarranted sentence disparities among defendants, and the kinds of sentences available. See 18 U.S.C. § 3553(a); United States v. Booker, 543 U.S. 220, 259 (2005). The Court must also consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide deterrence and protect the public. Id.

Congress has further provided that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.*

See 18 U.S.C. § 3582 (emphasis added).  With that limitation and considering all of the purposes

of sentencing, the Court must impose a sentence that is "sufficient, *but not greater than*

*necessary*, to comply with the purposes [of sentencing]."  18 U.S.C. § 3553(a) (emphasis added).

The Court "may not presume that the Guidelines range is reasonable."  Gall v. United

States, __ U.S. __, 128 S.Ct. 586 , 596-97 (2007).  The Guidelines are but one of an array of

factors the Court must consider.  Kimbrough v. United States, __ U.S. __, 128 S.Ct. 558, 564

(2007).  The Court has the discretion to evaluate the sentencing factors in 18 U.S.C. § 3553(a),

and determine that "a within Guidelines sentence is 'greater than necessary' to serve the

objectives of sentencing."  Id.  Here, the Guidelines recommend a sentence of between 37 and 46

months incarceration.  Such a sentence, however, is greater than necessary to effectuate the

purposes of sentencing.

Mr. Frost fully accepts responsibility for the actions which led to his conviction here, and

he accepts responsibility for his addiction, because he knows that his addiction began with a

choice that he made to use illegal substances.  However, we ask the Court to consider that

Mr. Frost made that choice when he was just 17 years old.  As recently noted by the Supreme

Court, immaturity at the time actions are taken is an appropriate factor to consider.  See Gall v.

United States, __ U.S. __, 128 S.Ct. 586, 601 (2007) (approving of district court's consideration

youth and studies demonstrating that human development not complete until age twenty-five and

"lack of maturity and underdeveloped sense of responsibility are qualities that often result in

impetuous and ill-considered actions" (internal quotations omitted)).  Although the cases

discussed in Gall refer to youth at the time of the offense, this factor is nonetheless applicable

here because the decision made by Mr. Frost (to use controlled substances), which led to his

addiction and his criminal conduct, occurred many years ago.  Mr. Frost recognizes that as he has

matured he has been unable to control this addiction.  However he has demonstrated, through his

20 years of employment with DPW, that with sufficient treatment for his addiction, he can be a

productive, law-abiding citizen.

   A sentence less than the Guideline range would be sufficient to reflect the seriousness of

the offense, promote respect for the law, provide just punishment for the offense, and afford

adequate deterrence to criminal conduct.  The last four months during which Mr. Frost has been

incarcerated has had a significant effect of him and his life.  He had to resign from his job and

has not been able to support his children, as he has done for many years.  A sentence within the

recommended range is not necessary to impress upon Mr. Frost the need to obtain substance

abuse treatment and control his addiction.

   As the PSR indicated, Mr. Frost is eligible to regain his employment with DPW.  The

letter from his supervisor, submitted to the Court under separate cover, indicates that Mr. Frost

was a good employee.  Mr. Frost is confident that when he is released he will be able to regain

his job, return to his life supporting his family and control his addiction.

## Conclusion

For all of the foregoing reasons and such other reasons as may be presented at the

sentencing hearing, Mr. Frost respectfully requests that the Court impose a sentence below the

range recommended by the Guidelines.


Respectfully submitted,

A.J. KRAMER

FEDERAL PUBLIC DEFENDER

/s/

_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500 ext. 109